Sheldon E. Winters, AK Bar #8511209
LESSMEIER & WINTERS
3000 Vintage Blvd., Suite 100
Juneau, AK  99801
907-796-4999; FX: 907-796-4998
l-w@gci.net
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT JUNEAU

| | |
|---|---|
| DAVID C. KNIGHT and EMMA KNIGHT,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>LINDA M. ZIEGLER,<br><br>　　　　　Defendant. | Case No.  J05-0013 CV (RRB)<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO AMEND SCHEDULING & PLANNING ORDER, ALTERNATIVELY, REQUEST FOR DISCOVERY CONFERENCE [UNOPPOSED]** |

## BACKGROUND

Three unforeseen and unpredictable circumstances have arisen that in combination necessitate amendment of the Scheduling & Planning Order ["SPO"].

1.　Immediately following the exchange of initial disclosures, on January 19, 2006, defendant served on plaintiffs standard interrogatories and requests for production designed to elicit the basic information that is necessary before further investigation and discovery can proceed.  Plaintiffs were unable to timely respond due to a variety of circumstances, including the death of Mrs. Knight's father. Despite repeated requests from defendant, draft responses were not provided until June 26, 2006, and finalized signed responses until July 10, 2006.  [Exhibit A]

2.　Defendant's discovery plan was to depose plaintiffs after the discovery responses were provided, which defendant repeatedly requested between February and May, 2006.  Further complicating deposition scheduling was the fact that, after the parties Scheduling & Planning Conference Report, it was disclosed that plaintiffs

had recently moved from the state to Lewiston, Idaho. [Motion to Amend Complaint, Docket #18] As indicated above, the final discovery responses were not received until July 10. By then, due to scheduling conflicts depositions could not be set until September 26 and 27, 2006, in Lewiston, Idaho.

      3.    Plaintiffs' discovery responses and disclosures have now clarified that in several respects this case is much more involved than previously anticipated or reasonably foreseen when the parties discussed the discovery needs and filed their Scheduling & Planning Conference Report in December 2005. First, the number, extent and duration of plaintiffs' claimed injuries are extensive. Mr. Knight claims at least twenty-four different injuries, most of which he claims are permanent. [Exh. A, pp. 2-15] Further, Mr. Knight is no longer employed and has received a disability rating from the Veterans Administration (one of several) – which he claims is due in part or in full to this accident. Mrs. Knight likewise quit her job in Juneau, claiming she had to move with her husband and take care of him because of this accident. [Exh. A] The Knights' claim for lost income exceeds $900,000. They claim past medical expenses over $100,000 and future expenses over $300,000.

      Second, it turns out Mr. Knight's relevant medical history is extensive, both pre-accident and post-accident. Most of his complaints relate to some extent to pre-existing conditions. For the injuries he alleges, he has been seen by literally dozens of different medical car providers both before and after the accident. Plaintiffs' preliminary witness list includes over forty different medical care providers, and many of those listed are simply the names of the facility itself, with multiple doctors at that facility that treated plaintiff. The records are extensive, most of which are directly relevant to his claims in this case. None of the doctors have been deposed as it was important first to obtain plaintiffs' discovery responses and depose them.

      4.    The parties agreed that retained expert witness disclosures would be "staggered" so that plaintiffs would provide their expert disclosures first, after which defendant could ascertain what experts may be necessary and respond accordingly.

[Scheduling & Planning Conference Report, Docket #16]  The plaintiffs' expert witness disclosures were due pursuant to the Scheduling & Planning Order August 15, 2006.  To date plaintiffs have only disclosed that they intend to call an economist, but they have not provided the report or any disclosure of the economist's opinions.

### DISCUSSION

As demonstrated above, this case has been significantly delayed due to no fault of defendant.  Further, the issues have turned out to be much more complex and far-reaching than reasonably anticipated by counsel when they filed their Scheduling & Planning Conference Report.  For these reasons, defendant respectfully requests the Scheduling & Planning Order be amended such that remaining deadlines are extended by a period of approximately six months, more specifically:

1. Plaintiffs shall have until January 15, 2007, to file expert witness reports. (This is plaintiff's request.)   [SPO, p. 2, ¶ (4)]

2. Defendant's expert witness disclosures in accordance with Rule 26(a)(2) must be made on or before March 15, 2007. [SPO, p. 2 ¶ (4)]

3. Final revised witness lists shall be served and filed on or before May 13, 2007.   [SPO, p. 2 ¶ (5)]

4. All discovery must be scheduled to be completed by June 15, 2007. [SPO, p. 2 ¶ (6)]

5. All motions under the discovery rules filed by July 19, 2007.  [SPO, p. 4, ¶ (2)]

6. Dispositive motions and motions *in limine* filed before July 19, 2007. [SPO, p. 4 ¶ (3)]

7. It is estimated this case will require 10 days for trial. [SPO, p. 5]

In all other ways, it is requested the Scheduling Order remain the same.

Finally, defendant does not believe a discovery conference is mandated or necessary under LR 16.1(c)(3)[B], because this is not a simple matter of requesting an extension to complete discovery – rather it is a request to amend the Scheduling

Order for the reasons stated above. Alternatively, should the Court believe a conference is required, defendant respectfully requests the same.

DATED this 15th day of September, 2006, at Juneau, Alaska.

LESSMEIER & WINTERS
Attorneys for Defendant

By: /S/ Sheldon E. Winters
Sheldon E. Winters, AK Bar 8511209
Attorneys for Defendant

The undersigned hereby certifies that on the 15th of September, 2006, a copy of the foregoing document was electronically served to the following attorneys of record:

Tom Batchelor, Esq.
Batchelor & Associates
9000 Glacier Highway, Suite 303
Juneau, Alaska 99801

/s/ Sheldon E. Winters
0015-105 LW-MemoMotionAmend&SchedConf.wpd